(8 Misc. Rep. 70.)

## LOEWENSTEIN et al. v. SCHIFF.

(City Court of New York, General Term.  April 23, 1894.)

PLEADING—BILL OF PARTICULARS.

Where plaintiff seeks to avoid a composition made by defendant with his creditors on the ground that defendant, under a secret agreement, paid some of the creditors more than the others, he will be required to serve a bill of particulars stating the name of such creditors and the dates and amounts of the payments.

Appeal from trial term.

Action by Julius H. Lowenstein and others against Mac Schiff on a promissory note.  From an order directing a bill of particulars, plaintiffs appeal.  Affirmed.

Argued before NEWBURGER, McCARTHY, and CONLAN, JJ.

Metzgar & Tabor, for appellants.

Blumenstiel & Hirsch, for respondent.

NEWBURGER, J.  This action is brought to recover on three promissory notes made by defendant to the order of plaintiffs.  The defendant's answer admits the making of the notes, but sets up as a distinct defense the execution by plaintiffs, with other creditors of this defendant, of a composition deed.  The plaintiffs, in their reply, admit the execution of the composition agreement, but allege that they were induced to sign the same by reason of the statements made by defendant that his creditors agreed to accept the sum of 35 cents on the dollar in full for their claims, except those who had claims for less than $100 in amount, and that no creditor was to receive more than 35 cents on the dollar; that the defendant entered into a secret agreement with other creditors whose claims were larger in amount than $100 to pay their claims in full, or in greater sum than 35 per cent., and that the defendant did pay certain of his creditors more than 35 cents on the dollar.  The appeal is taken from an order entered herein requiring the plaintiffs to serve a bill of particulars setting forth the names of each creditor, and the dates and amounts of each of such payments.  The order was properly made.  The granting or denying a motion for a bill of particulars must be determined by the facts and circumstances in each case, and the considerations which should govern the court in granting or refusing it are for the purpose of furnishing an adverse party with information which is exclusively in the possession of the other, and which it is proper that such adverse party should have, that he may be prepared for trial and prevent surprise.  Upon the facts herein, the order appealed from must be affirmed, with costs.  All concur.